United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Silvina Margulis, Hugo Bliffeld, Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 19-20637-Civ-Scola |
| Stryker Corporation, Howmedica Osteonics Corp., Defendants. | ) ) ) | |

**Order Granting Motion to Transfer Venue**

This matter is before the Court on the Plaintiffs' motion to transfer this case to the District of New Jersey, the state of incorporation and principal place of business of Defendant Howmedica Osteonics Corp. ("Howmedica"). (the "Motion," ECF No. 13.) Despite their objection to this forum on personal jurisdiction grounds and the unquestioned jurisdiction of New Jersey over Howmedica, the Defendants oppose the Motion. (ECF No. 16.) Having considered the parties' submissions, the record in this case and the applicable law, the Court **grants** the Motion (**ECF No. 13**).

The Plaintiffs brought this suit in Florida state court asserting one claim for "strict liability" against Defendant Stryker Corporation ("Stryker"). (ECF No. 1-2.) That claim seeks recovery for harm incurred after allegedly defective medical products manufactured by the Defendants were implanted in Silvina Margulis ("Margulis") during a 2008 hip replacement procedure in Argentina, the Plaintiffs' country of residence. (*Id.*) Margulis claims that her hip dislocated multiple times from late 2016 through early 2017. (*Id.* at ¶ 14.) Ultimately, Margulis alleges that she underwent two surgeries in April and October 2017 to remove and replace all medical implants manufactured by the Defendants. (*Id.* at ¶ 15.)

On February 19, 2019, the Defendants removed the case to the Southern District of Florida, based on federal diversity jurisdiction. (ECF No. 1.) In the notice of removal, the Defendants indicated that Stryker is a Michigan corporation with its principal place of business in that state. (*Id.*) The Defendants further asserted, as earlier stated, that Howmedica is a citizen of New Jersey for the purposes of diversity jurisdiction, being incorporated and headquartered in that state. (*Id.*) After removal, the Defendants moved to dismiss on personal jurisdiction grounds, arguing that neither Defendant is subject to general or specific jurisdiction in Florida under the facts of this case. (ECF No. 6.)

Although the Plaintiffs oppose that motion, they effectively acquiesce to the ultimate relief the Defendants seek by moving to transfer this case to the District of New Jersey, the home forum of Howmedica and its state of general jurisdiction. (ECF No. 13.) Nevertheless, the Defendants oppose the Motion. (ECF No. 16.) In lieu of transfer, the Defendants request the Court to undertake a full-blown personal jurisdiction analysis, determine that both Defendants are not subject to suit in Florida, and dismiss the case without prejudice to the Plaintiffs refiling in New Jersey or Michigan. (*Id.*) The latter event, of course, is the result sought through the Motion. (ECF No. 16.) Interests of economy and efficiency compel the Court to avoid such a circuitous path to the same end.

Section 1406(a) provides that a "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, *or if it be in the interest of justice*, transfer such case to any district or division in which it could have been brought." 28 U.S.C § 1406(a) (emphasis added). "The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction of the defendants or not." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962) (noting the statute's purpose of "removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits"). Indeed, where a statute of limitations defense may arise, the "'interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by . . . 'time-consuming and justice-defeating technicalities.'" *Id.* at 1467.

In line with these principles, transfer—not dismissal—is the appropriate remedy in this case seeking recovery of damages for an allegedly defective medical device, implanted during a 2008 surgical procedure, which later failed in 2016. *See Robey v. JPMorgan Chase Bank, N.A.*, 343 F. Supp. 3d 1304, 1320 (S.D. Fla. 2018) (Ungaro, J.) ("upon review of the record of this case—and particularly given that the acts underlying Plaintiff's claims occurred between 2009 and 2015—this Court finds that transfer [under section 1406(a)] is warranted").

Accordingly, the Motion (**ECF No. 13**) is **granted**. The **Clerk** is directed to **transfer** this action to the United States District Court for the District of New Jersey. All pending motions are **denied without prejudice** to their refiling after transfer. The **Clerk** is ordered to **close** this case following transfer to the District of New Jersey.

**Done and ordered**, in Chambers, at Miami, Florida on April 22, 2019.

_____
Robert N. Scola, Jr.
United States District Judge